NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PEDRO SOSA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NUSTAR ENERGY, LP; NUSTAR GP, LLC; )<br>and UNITED SERVICE WORKERS UNION, )<br>IUJAT, LOCAL 335, )<br>)<br>Defendants. )<br>) | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 08-2879 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge:**

This matter comes before the Court on the motions for summary judgment filed by Defendants NuStar Energy, LP and NuStar GP, LLC ("NuStar") (Doc. No. 31) and United Service Workers Union, IUJAT, Local 335 (the "Union") (Doc. No. 32). For the following reasons, the Court will grant Defendants' summary judgment motions.

*Background*

Plaintiff Pedro Sosa was employed as an operator at NuStar's Linden, New Jersey terminal, a petroleum storage and transport facility. The Union is the certified bargaining representative of the employees at NuStar's Linden terminal. Under the collective bargaining agreement between NuStar and the Union, all employees were subject to unannounced random drug testing. On or about June 22, 2007, Sosa was instructed to report to a local testing facility to undergo a random drug test. The drug test involved a technician cutting a sample of Sosa's

hair, which was then sealed in a plastic envelope and sent out for analysis to a certified drug testing company.

On July 5, 2007, Sosa was informed that he tested positive for cocaine, and on July 6, 2007, NuStar informed him that they intended to terminate his employment.  Sosa notified Sean Cullinan, his union representative, of his failed drug test and termination.  Cullinan filed a grievance on Sosa's behalf that sough to reinstate his employment.  NuStar denied Sosa's grievance and refused to reinstate him.  Cullinan continued to engage in conversations with NuStar, but to no avail.

On November 6, 2007, Cullinan met with Sosa and informed him that the Union would not be taking any further action with regard to his discharge from NuStar.  (Sova Certif., Ex. A ("Sosa Dep.") at 65:25-66:24; Sova Certif., Ex. B ("Cullinan Dep.") at 105:16-108:24.)  On December 17, 2007, Cullinan sent Sosa a letter confirming the information conveyed to him at the November 6 meeting.  (Sova Certif., Ex. J.)  Sosa filed a Complaint on June 11, 2008, alleging that NuStar breached the collective bargaining agreement and that the Union breached its duty of fair representation.[1]  On September 25, 2009, NuStar and the Union filed motions for summary judgment.

### *Discussion*

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine

---

[1] By order of August 10, 2009, the instant matter was reassigned to the undersigned.

factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

Sosa claims that NuStar breached the collective bargaining agreement when it discharged him for testing positive for cocaine and that the Union breached its duty of fair representation in its handling of his grievance. The suit against the employer, NuStar, rests on § 301 of the Labor Management Relations Act, 29 U.S.C. §185, and the suit against the Union is based on the duty of fair representation, which is implied under the scheme of the National Labor Relations Act, 29 U.S.C. § 159(a). *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). This type of suit is commonly known as a "hybrid section 301 action." *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 589 n.5 (3d Cir. 2005) ("A hybrid section 301 action is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching the duty of fair representation."). The Supreme Court has recognized that the two claims involved in a hybrid section 301 action are "inextricably interdependent," *DelCostello*, 462 U.S. at 164, such that the plaintiff "'must prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union and vice versa,'" *Podobnik*, 409 F.3d at 594 (quoting *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993)).

A. Statute of Limitations

Defendants contend that Sosa's claims are barred by the statute of limitations. Hybrid section 301 claims are subject to the six-month statute of limitations period established in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello*, 462 U.S. at 172; *Podobnik*, 409 F.3d at 593. That limitations period "commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Podobnik*, 409 F.3d at 593 (quoting *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260 (3d Cir. 1990)). The Third Circuit has explained that in a hybrid section 301 claim, "where an employee sues a union for breach of its duty of fair representation, the limitations period commences when 'the plaintiff receives notice that the union will proceed no further with the grievance." *Vadino*, 903 F.2d at 260 (quoting *Hersh*, 789 F.2d at 232). Moreover, "[e]ven if there has been no explicit notice, the statute of limitations begins to run when 'the futility of further union appeals became apparent or should have become apparent.'" *Id.* (quoting *Scott v. Local 863, Int'l Bhd. of Teamsters*, 725 F.2d 226, 229 (3d Cir. 1984)).

In this case, it is undisputed that the meeting between Sosa and his union representative, Cullinan, in which Cullinan informed Sosa that the Union would not be taking any further action, took place on November 6, 2007. Sosa did not file his Complaint until June 11, 2008, more than six months after the November 6 meeting. Sosa argues, however, that the six-month statute of limitations period did not commence until he received the December 17, 2007 letter from Cullinan. Sosa's argument lacks merit. Notice need not be explicit or written for the statute of limitations period to commence. *See Albright v. Virtue*, 273 F.3d 564, 572 (3d Cir. 2001); *Vadino*, 903 F.2d at 260. Cullinan testified that he informed Sosa at the November 6 meeting that

4

the Union would not pursue his grievance any further.  Sosa's own deposition testimony establishes that undisputed fact:

> Q.  What was discussed at the [November 6, 2007] meeting?
>
> A.  [Cullinan] showed me a paper and says to me, the legal department is not going to be able to help you.  I can do nothing for you.
>
> Q.  What do you mean?
>
> A.  What I just said.  Nothing.  The legal department is not going to help me out.  The attorney suggested that they are not going to help me out.
>
> Q.  Did he say the union wouldn't file an arbitration?
>
> A.  The union was not going to take care of anymore steps towards defending me.
>
> Q.  And what was your response?
>
> A.  What do you think?  My whole life just crumbled in front of me.

(Sosa Dep. at 65:25-66:24.)  Sosa, by his own admission, confirmed that Cullinan informed him on November 6 that the Union was not going to "take care of anymore steps towards defending [him]."  (Sosa Dep. at 66:20-21.)  Thus, Sosa's testimony makes clear that at the November 6 meeting, Sosa did in fact receive notice that the Union would not proceed any further with his grievance.  Moreover, Sosa's statement that he felt like his "whole life just crumbled in front of [him]" demonstrates that the futility of further union appeals became apparent to him, or at least should have become apparent to him, at the November 6 meeting.  (Sosa Dep. at 66:23-24.)  This Court finds as a matter of law that the statute of limitations period began to run on November 6, 2007, when Cullinan met with Sosa and informed him that the Union would not pursue his

5

grievance any further.  Because Sosa's Complaint was not filed until June 11, 2008, his claims are barred by the six-month statute of limitations, and therefore, this Court will grant Defendants' motions for summary judgment.

      B.  Merits of Sosa's Claims

Even if Sosa's hybrid section 301 claims were not barred by the statute of limitations, Sosa's claims would nonetheless fail.  As discussed previously, because of the "inextricably interdependent" nature of hybrid section 301 claims, for Sosa to prevail against either NuStar or the Union he must prove both that NuStar breached the collective bargaining agreement and that the Union breached its duty of fair representation.  *DelCostello*, 462 U.S. at 164; *Podobnik*, 409 F.3d at 594.  Sosa has failed to establish either of those claims.

First, Sosa argues that NuStar breached the collective bargaining agreement when it discharged him for testing positive for cocaine without arranging for him to undergo a retest. The collective bargaining agreement provided that if an employee tested positive for illegal drugs, that employee "may, within three (3) days of notification . . . of the positive result, request that his or her hair or urine sample undergo a second test, at the individual's expense, at a certified laboratory." (Sova Certif., Ex. D at 33.)  Sosa's deposition testimony makes clear that he never wanted his original hair sample retested (Sosa Dep. at 34:12-35:1.); rather, Sosa contends that he should have been allowed to submit a brand new hair sample for testing.  The collective bargaining agreement, however, did not provide Sosa with that right or impose a duty on NuStar to allow an employee to undergo a second test with a new hair sample.  The collective bargaining agreement only provided Sosa with the right to have his original hair sample retested by another lab.  Therefore, NuStar did not breach the collective bargaining agreement by

6

discharging Sosa without arranging for him to submit a second hair sample for drug testing.

Second, Sosa argues that the Union breached its duty of fair representation by not arranging for Sosa to be retested for drugs. In order to establish that a union breached its duty of fair representation, the union member must show that the union's conduct was "arbitrary, discriminatory, or in bad faith." *Findley v. Jones Motor Freight*, 639 F.2d 953, 957 (3d Cir. 1981) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). "The union must be accorded a 'wide range of reasonableness' to enable it to perform effectively, but this discretion is subject to 'good faith and honesty of purpose.'" *Id.* (quoting *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563-64 (1976)). A union "'has broad discretion in its decision whether and how to pursue an employee's grievance against an employer,'" and "[e]ven a union decision that is ultimately wrong is not a breach of its fair representation duty unless that decision is so unreasonable that it is 'without rational basis or explanation.'" *Veggian v. Camden Bd. of Educ.*, 600 F. Supp. 2d 615, 625 (D.N.J. 2009) (quoting *Raczkowski v. Empire Kosher Poultry*, 185 Fed. Appx. 117, 118 (3d Cir. 2006)). Furthermore, "[t]he mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious." *Findley*, 639 F.2d at 958.

In this case, Sosa has not established that the Union breached its duty by failing to arrange for him to undergo a second drug test with a new hair sample. As discussed above, the collective bargaining agreement contained no provision that gave Sosa the right to a second drug test with a new hair sample, and Sosa has not identified any evidence in the record to suggest that the Union's failure to pursue such a course of action was arbitrary, discriminatory, or in bad faith. To the extent that Sosa argues that the Union breached its duty by failing to arrange for his

original hair sample to be retested, that argument also fails.  Sosa's union representative, Cullinan, testified that in these types of situations he does not pursue a second test of the original hair sample because if the second test also returns a positive result he "lose[s] all leverage in trying to work out some sort of settlement between [the employee] and the employer."  (Cullinan Dep. at 79:9-21.)  Cullinan's testimony provides a rational explanation for the Union's decision not to request a second test of Sosa's original hair sample, and there is no evidence demonstrating that the Union's decision in this regard was arbitrary, discriminatory, or in bad faith.  Therefore, because there is no evidence that the Union's conduct was arbitrary, discriminatory, or in bad faith, Sosa has failed to establish that the Union breached its duty of fair representation.

Sosa has failed to identify any evidence that NuStar breached the collective bargaining agreement or that the Union breached its duty of fair representation.  Thus, even if Sosa's claims were not barred by the statute of limitations, he would still be unable to prevail on his hybrid section 301 claims because there is no genuine issue as to any material fact of his claims.

### *Conclusion*

For the foregoing reasons, this Court will grant Defendants' motions for summary judgment (Doc. Nos. 31 and 32).  An appropriate form of order accompanies this Memorandum Opinion.

Dated: March 24, 2010
Newark, New Jersey

                                                   S/Garrett E. Brown, Jr.
                                                   Garrett E. Brown, Jr., Chief Judge
                                                   United States District Court